Wash vs. Randolph.

---

### WASH vs. RANDOLPH.

1. The six days given by the Statute for filing pleas, are six days on which the court is in actual session; and where a court adjourns over, the days on which it does not sit are not to be counted.

APPEAL from St. Louis Court of Common Pleas.

SPALDING & TIFFANY, for the Appellant.

POINTS AND AUTHORITIES.

1. The judgment by default was irregularly taken, and should have been set aside:

*First,* By our statute, Rev. Code, p. 458, six days are given to plead in term time.

*Second,* This must mean six days on which the court actually sits, because oyer can by law be craved of the instrument sued on, at any time during the period allowed for pleading, and craving oyer is one kind of plea. But oyer cannot be craved unless the court be actually sitting. 1 Tidd's Practice 530. That demand of oyer is a kind of plea, and should be made before the time of pleading is expired. Ibid 530–'1. The defendant has the same time in term to plead after oyer given, as he had at the time of demanding it. 8 Term. Rep. 356.

A. TODD, for Appellee.

POINTS AND AUTHORITIES.

1. The court did not err in refusing to set aside the judgment by default, because it was rendered after the sixth day of the term, and no cause was shown, but a denial of that fact. Revised Statute of 1835, p. 458, § 8, p. 460, § 31; 5 Mo. Rep. p. 386. Whether the court below erred depends upon the question, whether it was rendered after the sixth day of November term or not.

2. The court did not err in refusing to permit defendant to give evidence in mitigation of damages; that the negro Alsey had served plaintiff from the time of her purchase of defendant, till the termination of the freedom suit.

3. Wash did not move the court below to set aside the verdict, and grant a new inquiry.

TOMPKINS, J., delivered the opinion of the court.

William S. Randolph, suing to the use of Alfred **Tracy**, brought his

Wash vs. Randolph.

action of covenant against Robert Wash. Judgment was given against Wash, and to reverse it, he appeals to this court.

From the bill of exceptions, it appears that the first day of the term to which the writ in this cause was returned, was the 20th day of November, 1843; that the court met on that day, and adjourned till Monday the 27th day of the same month, and that the court again met on Monday the 27th, and again adjourned till Monday the 4th day of December, then next, and on that day, the plaintiff Randolph, took judgment by default, against Wash, he having filed no plea; and on the 6th day of the said month, the defendant Wash moved to set the judgment aside for the following reasons, viz :

1st. That the term of pleading had not expired when said judgment by default was taken.

2. That the first six days of the term had not elapsed when the said judgment was taken, and has not yet elapsed.

3d. That by law the defendant had six days of term time, within which to crave oyer of the writing declared on in this action, and that in fact he hath not as yet had that number of days for craving oyer, the court not having set six days at the term aforesaid.

This motion was overruled. The plaintiff's damages were afterwards assessed. On the assessment of damages, the plaintiff gave in evidence a bill of sale, by which it appeared that Wash had sold to Randolph, the plaintiff in the suit below, appellee here, two slaves, covenanting that they were slaves for life; and it was in evidence that they had recovered their freedom by suit at law. Wash, the appellant in this action, offered to prove in mitigation of damages in this action, that the slaves had served said Randolph till the termination of the suit for freedom. The court of common pleas excluded this evidence, and Wash excepted to its opinion in this matter. No motion for a new trial was made in the court that tried the cause. There being no motion for a new trial on account of the exclusion of the testimony offered by Wash, this court, by its rules of practice long established, will not reverse the judgment on that account. See the case of Farrar vs. Blair, miscalled as appears in the report, Montgomery vs. Blair. Wash, Judge, delivering the opinion of the court, said : "If the jury or the court sitting as a jury, find a verdict without evidence, or on insufficient evidence, the proper course is to move for a new trial, and except to the opinion of the court, in refusing the motion." See 2 Mo. Rep. 189; and Higgins vs. Breen, adm'r decided at this term.

We have nothing left then to be decided, but whether this judgment by default was properly taken.

The sixth section of the third article of the act to regulate practice at law, declares that every declaration and other pleadings shall be signed by the party, or his attorney, and the clerk shall endorse thereon the day on which it shall be filed, and if filed in term time, shall make an entry thereof on the minutes; and by the 8th section of the same article of that act, "Every plea to the merits of the action shall be filed on or before the sixth day of the term, at which the party pleading the same is bound to appear, if the term shall continue so long, and if not, then before the end of such term." By the 9th section, replications shall be filed within thirty days after the commencement of the term at which the defendant is bound to appear. Replications and other subsequent pleadings may be filed in vacation, because there is not, perhaps in more than one county, so much business at any one term, as will occupy a court for thirty days. The replication then, and subsequent pleadings, must have endorsed on them, the day on which they are filed by the clerk, when filed in vacation, and cannot be entered on the minutes. The declaration is necessarily filed in vacation ; in order to enable the plaintiff to serve the defendant with process fifteen days before the return day ; it is not then required to be entered on the minutes, for there can be no minutes when no court sits. But the pleas must be entered on the minutes, for by the 8th section they must be filed on or before the sixth day of the term, or before the end of the term, if it do not continue so long.

In this case the court met on the 20th day of November, 1843, and on the same day adjourned till the 27th day of the same month, and it is contended that the intervening days betwixt the 20th of November, and 27th of that month, are days on which pleadings ought to be filed, although no court was in reality sitting. How in this case could the clerk of the court enter on his minutes, a plea filed on the twenty-first, twenty-second, or twenty-third days of November, 1843, for they are some of the intervening days. He can certainly keep no minutes of the proceedings of a court, when no court is in session.

The 23d section of the act to establish courts of record, and prescribe their powers and duties, directs that "Full entries of the orders and proceedings of all courts of record of each day, shall be read in open court, on the morning of the succeeding day," &c. The plea filed on the 22d day of November, of that term, is a proceeding of that day. How could it be read on the morning of the twenty-third day, or how

could there by any proceedings of a court, when there was no judge sitting to hold a court?

Each party has sought to connect with the argument of this cause, as it suited his interest, the propriety or impropriety of selling lands under execution, on the days intervening betwixt the days on which the court adjourns, and the day to which it adjourns. It is enough to decide what is before us, and it will be time enough to decide whether a sale on such a day be legal, when the case occurs. We do not wish to insinuate an opinion, even in such a case, but will be content with saying that when the circuit court, or other court of record adjourns for a week, we do not regard the days of that week on which it does not sit, as days on which defendants are required to plead, by the act to regulate practice at law. The judgment by default was taken too soon.

The judgment of the court of common pleas is therefore reversed.

A. TODD, for Appellee.